CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant, v. BOARD OF SUPERVISORS OF WEBSTER COUNTY et al., Appellees.

**DRAINS: Construction—Removal of Railway Bridge and Wires.** The
1 statutory duty of a railway company to construct and reconstruct a drainage improvement across its right of way, and a suitable bridge over said improvement, implies no duty on the part of said company to remove its existing wires and bridge, in case of a reconstruction, in order to enable the contractor to freely pass his equipment through the opening in the right of way.

**DRAINS: Construction—Nonimplied Obligation to Remove Railway**
2 **Equipment.** No obligation impliedly arises on the part of a railway company to remove its bridge and wires in case of the reconstruction of a drainage improvement, in order to freely pass the contractor's equipment, from the fact that the company and the drainage authorities enter into an agreement under which the said authorities agree to construct the improvement across the right of way, and the railway company agrees to waive its claim for damages.

*Appeal from Webster District Court.*—R. M. WRIGHT, Judge.

JUNE 23, 1922.

REHEARING DENIED OCTOBER 20, 1922.

ACTION in equity, to restrain the defendants from interfering with appellant's telephone and telegraph wires and bridge, crossing a drainage improvement. A temporary restraining order was issued, but, upon hearing, it was dissolved. Plaintiff appeals. The facts are stated in the opinion.—*Reversed.*

*Price & Burnquist* and *Adams & Hise,* for appellant.

*Mitchell & Files* and *Kelleher & Mitchell,* for appellees.

STEVENS, C. J.—I. This case comes to us on appeal from an order of the court below, dissolving a temporary writ of injunction. A portion of appellant's railroad right of way lies within the boundaries of Drainage District No.

1. DRAINS: construction: removal of railway bridge and wires.

2, Webster County, and is crossed by an open ditch, constructed as a part of said improvement, near Harcourt in said county. District No. 2 was established, and the ditch constructed, some years before the present controversy arose. The bridge of appellant over said ditch is a steel deck, plate girder bridge, known as Bridge No. 1004, and has a 30-foot span, the girders resting upon tile piers.

In the early part of 1920, the board of supervisors, by appropriate proceedings, ordered the open ditch deepened and widened, and the controversy in this case involves the right of the contractor to open or remove the bridge and to cut or raise appellant's telephone or telegraph wires so as to permit the excavation across the right of way to be made by the dredge and machinery used in making the rest of the improvement. All parties agree that this can be done only by the removal of the bridge during the time occupied in making the excavation. Before the work had reached the point where it became necessary for the contractor to cross appellant's right of way, the drainage engineer wrote a letter to the division engineer of appellant at Sioux City, inquiring as to what arrangements could be made for taking the contractor's dredging machinery across the right of way. Correspondence followed, and appellant's engineer finally offered to furnish all necessary assistance and equipment therefor, and to carry the dredge over the bridge at an expense of not to exceed $150. This proposition was rejected, evidently for the reason that, if this were done, the excavation across the right of way would have to be made by hand, or by the use of teams and scrapers. The county auditor finally caused a written notice to be served upon appellant, demanding that it provide a sufficient opening across its right of way to enable the contractor to make the excavation with the dredge. Appellant refused to open or remove the bridge, and thereupon brought an action in equity, to restrain appellees from in any way injuring or interfering with its wires, track, or bridge.

It was alleged in the petition that appellees had threatened to tear down the wires and bridge, so as to permit the contractor to excavate the ditch across the right of way, and that, unless they were restrained from doing so, they would carry their threats into execution. A temporary writ was allowed. All defendants named in the petition filed answers, and also a motion to dissolve the temporary writ. A hearing was had upon oral evidence, and, upon submission of the case to the court, the motion to dissolve was sustained. It is from this order that plaintiff appeals.

The sole question, therefore, presented for decision is: Was it the duty of appellant to open its bridge and remove its telephone and telegraph wires, so as to provide an adequate opening for the passage of the contractor's drainage machinery and the making of the excavation thereof? Section 1989-a18, Code Supplement, 1913, makes it the duty of a railway company, upon the service thereon of the notice therein required, ''to construct the improvement across its right of way according to the plans and specifications furnished in said notice and to build and construct or rebuild and reconstruct the necessary culvert or bridge above mentioned and complete the same within the time specified in said notice; if such railroad company shall fail, neglect or refuse to do so within the time fixed in said notice the auditor shall cause the same to be done under the supervision of the engineer in charge of the improvement and such railroad company shall be liable for the cost thereof to be collected by the county in any court having jurisdiction.''

It is not claimed by appellees that express provision for the opening or removal of bridges, so as to permit drainage machinery and equipment to be taken across a railroad right of way, so that the excavation may be made therewith, was made by the legislature prior to the enactment of Chapter 206, Acts of the Thirty-ninth General Assembly. Chapter 206, so far as material to this discussion, is as follows:

''The engineer shall also provide plans for the most economical and practicable method of passing the machines and other equipment of the contractor across railroad right of way and other highways. * * *

''It shall be the duty of any railroad company to furnish

the contractor free passage across its right of way, telegraph, telephone and signal lines, for his machines and equipment without dismantling the same, whenever recommended by the engineer and approved by the board of supervisors, and the cost thereof shall be considered as an element of such company's damages by the appraisers thereof; provided that if such company shall fail to do so within thirty (30) days after written notice from the auditor, the engineer shall cause the same to be done under his direction, and the company shall be liable for the cost thereof to be collected by the county in any court having jurisdiction. Provided, further, that the railway company shall have the right to designate the day and hours thereof within said period of thirty days above mentioned when such crossing shall be made.''

Much emphasis is placed by counsel, in argument, upon the duty of railroad companies to construct bridges or culverts across certain drainage improvements, and to rebuild and reconstruct the same when made necessary by the enlargement thereof, and of the subordination of the right of railroad companies, in common with the owners of other property, to the paramount right of the public in such matters. The obligation placed upon railroad companies by the provisions of Section 1989-a18 does not, in terms, require that provision be made thereby for the unobstructed passage of drainage machinery across its right of way. The duty enjoined by this section upon railroad companies is to build and construct, or rebuild and reconstruct, bridges over certain waterways, so as to permit the free and unobstructed flow of water thereunder, and to construct the improvement across its right of way, according to the plans and specifications of the engineer. It is further provided thereby that, if such railroad company fails, refuses, or neglects to do so, the auditor shall cause the same to be done, under the supervision of the engineer, at the expense of the railroad company, the amount to be collected by the county in any court having jurisdiction.

The legislature having made it the absolute duty of any railroad company to make all necessary excavations for drainage improvements across its right of way, it is obvious that no obligation upon its part to open or remove its bridge for the passage

of the general contractor's drainage equipment could be implied from the statute. The implication, if any, would necessarily be to the contrary. The legislature, however, by enacting Chapter 206, supra, made the right of the railroad company to maintain bridges across drainage districts subordinate to the right of a drainage district to have provision made for transporting the machinery of the contractor in charge of the work across its right of way.

Counsel for appellant contend that the provisions of Chapter 206 are remedial in character, and concede that, had same been complied with by the engineer and other officials, it would have been binding. It is not claimed that plans for the most economical and practical method of passing the contractor's machinery and equipment across the railroad right of way were provided by the engineer, or adopted by the board of supervisors. The engineer was apparently of the opinion that, as Chapter 206 was enacted after the new improvement was ordered and the contract for the work let, it was not available in the present instance. As no attempt at compliance with Chapter 206 was made by appellees, it is unnecessary for the court to consider or decide whether or not its provisions are applicable to the facts of this case. Aside from this enactment, there is nothing in the drainage laws requiring a railroad company to open or remove a bridge for the passage of drainage machinery, or to permit the contractor to excavate the ditch therewith across its right of way.

II. The railroad company filed a claim for $1,500 damages. Before the contract for the construction of the improvement was let, the railroad company and the board of supervisors en-

2. DRAINS: construction: non-implied obligation to remove railway equipment.

tered into a written contract, by the terms of which the board of supervisors agreed, in consideration of the company's waiving its claim for damages, to construct the improvement across the right of way at the expense of the district and without expense to the railroad company, the work to be done under the supervision of a company engineer. Although both parties rely to a considerable extent upon the provisions of the contract, appellant contends that its purport and only purpose was to provide an arrangement for excavating the ditch across its

right of way, by the board of supervisors. No mention is made in the contract as to the method by which the work of making the excavation was to be done, nor do we find anything therein relating to the right of the contractor to have an opening made for taking drainage machinery across the company's right of way. The subject is not directly or indirectly mentioned. It is, however, vigorously argued on behalf of appellees that the contract was entered into by appellant with full knowledge of the method and machinery commonly and ordinarily used in that community in the construction of drainage improvements, and that it must, at the time, have understood and contemplated that appellees would expect to make the excavation across the right of way with the same machinery and equipment that were used at other points along the line thereof, and must, therefore, have known that an opening would have to be made in the bridge for that purpose.

The argument is not without force, but it seems to us that to so hold would be carrying the implication entirely too far. So far as is shown by the record, nothing was said by the parties about the matter, before or at the time the contract was entered into. The contract is plain and unambiguous, and deals with a definite matter. The agreement on the part of the board of supervisors is to make the excavation across appellant's right of way at the expense of the district, and on the part of appellant, to waive its claim for damages in consideration thereof. Appellant's claim for damages is not before us. Doubtless, if it, in terms, covered the expense of opening or removing the bridge for the benefit of the contractor in crossing the company's right of way, a copy thereof would have been set out in the record. In addition to this, appellant, having made arrangements with the board to do the work, would seem to have a right to assume that the work would be done without interference or injury to the company's bridge or property. The reserved right to have an engineer on the ground was to insure protection of the bridge and other property. The contract did not operate as an estoppel against appellant, nor is it to be fairly implied therefrom that the parties intended the same to bind appellant to open or remove the bridge, or to give consent to appellees to do so for the purpose claimed.

III.  It is also, as stated above, contended by appellees that the improvement in question amounts to a reconstruction of the original ditch; that the opening under appellant's bridge is but 28 or 29 feet wide, whereas the width of the new improvement on top is 38 feet; and that a reconstruction of the bridge is, therefore, required.  The evidence, so far as the record shows, is to the contrary.  The defendants' drainage engineer testified that it was not necessary for the company to remove its piling, and that, while the opening was considerably narrower than the dredge, it could be carried over the piling, if the bridge were removed, without interfering with its operation in making the excavation.  No one claims that the waterway will be impeded or obstructed in any way if the dimensions of the bridge are not enlarged.  The question, therefore, of the reconstruction of the bridge is in no wise involved upon this appeal.

Other questions argued by counsel have been carefully considered.  They do not, however, call for discussion.  The question for decision is a narrow one, and involves only the right of appellees to cut or remove appellant's telephone and telegraph wires, or to make an opening in its bridge so as to permit the passage of the contractor's drainage machinery.

The statutory provision for taking the machinery across the right of way, if applicable to this case, was not followed.  The temporary writ was properly ordered, and should not have been dissolved.  The judgment of the court below is, therefore,—*Reversed.*

EVANS, ARTHUR, and FAVILLE, JJ., concur.